UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRENTON JARED POWELL,<br><br>Defendant. | Case No. 4:21-cr-00290-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Trenton Jared Powell's Motion in Limine (Dkt. 97). For the reasons explained below, the Court will partly grant and partly deny the motion.

# BACKGROUND

A grand jury indicted Defendant Trenton Powell for producing, attempting to produce, and receiving child pornography, in violation of 18 U.S.C. §§ 2251(a) and § 2252A. All counts involve a single minor victim, Jane Doe 1,[1] and the photographs that form the basis of the charges were allegedly taken between

---

[1] The alleged victim is identified as "Jane Doe 1" in the indictment, but is referred to in the briefing and the record as either "Jane Doe 1," "Minor Victim 3," or "M.P." The Court will refer to her as Jane Doe 1 throughout this order.

MEMORANDUM DECISION AND ORDER - 1

October 9, 2010 and June 20, 2012. Trial is scheduled to begin on April 25, 2023.

## GOVERNING LEGAL STANDARDS

**A. Motions in Limine**

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, they are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Rulings on motions in limine are preliminary opinions that are "entirely within the discretion of the district court." *Id.*; *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Further, such rulings are provisional and therefore "not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Accordingly, at trial, the court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See Luce*, 469 U.S. 38 at 41-42 ("Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

**B. Federal Rules of Evidence 401, 402, & 403**

Generally, Federal Rules of Evidence 401, 402, and 403 are relevant in the context of deciding motions in limine. Rule 401 provides that evidence is relevant

if: (a) it has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action. Rule 402 provides that, with certain exceptions, relevant evidence is admissible. Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Unfair prejudice refers to an undue tendency to influence a decision on an improper basis, such as an emotional response, or with evidence designed to elicit a response from the jurors that is not justified by the evidence. *See U.S. v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998). Even if there is only a modest likelihood of unfair prejudice or a small risk of misleading the jury, evidence that presents only slight probative value must be excluded. *See United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). Additionally, cumulative evidence may also be excluded because it does no more than replicate other admitted evidence. See *United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979).

## ANALYSIS

Defendant argues that several categories of evidence should be excluded at trial. In responding to the motion, the government indicated that it did not intend to introduce the identified evidence. The Court will briefly address those categories

of evidence (in Paragraphs A-E below), and will then turn to the disputed categories.

**A.      Marijuana Seized During Search of Residence**

Mr. Powell's home was searched in connection with his arrest, and law enforcement officers "found, photographed, and seized what appeared to be small quantities of marijuana and drug paraphernalia." *Motion,* Dkt. 97, at 2. The government does not plan to offer this evidence at trial. Accordingly, the Court will exclude this evidence from trial.

**B.      Allegations of Drug Use by Defendant**

Defendant next says that some of the witness statements, photographs, or documents produced during discovery suggest that Mr. Powell may have either engaged in, or "been around" the use of controlled substances at various times before, during, or after the time frame alleged in the indictment. Defendant asserts that this evidence would create a substantial danger of unfair prejudice because if the jury sees this evidence, they might decide to convict him "based on a dislike for users of drugs." *Id.* at 3. The government says it does not intend to offer such evidence at trial. Accordingly, the Court will grant this aspect of the motion.

**C.      Misdemeanor Citation**

The parties report that Government Exhibit 1074 refers to the fact that Mr.

Powell was convicted of a misdemeanor over 10 years ago.[2] *See Motion,* Dkt. 97, at 3. Defendant argues that this particular citation is not relevant to the charges in the indictment. The government has agreed to redact this information from the exhibit. Accordingly, this Court will exclude this evidence from the government's case-in-chief.

Defendant should be aware, however, that evidence of this citation may still come in. The government has indicated that if defendant disputes the dates of certain child pornography images, it may seek to offer the misdemeanor citation to show that the dates from the defendant's forensic phone extraction are near in time to the citation – showing the accuracy of the forensic extraction. The Court will address that issue, if it arises, during trial, and would likely allow evidence of the misdemeanor citation to come in for that limited purpose.

### D.      Privileged Marital Communications with Rebekah Powell

The government intends to call Rebekah Dye Powell as a witness. Ms. Powell was married to the defendant on May 23, 2020. The government says it will limit testimony of Ms. Powell to "non-confidential communications made on jail calls." *Response,* Dkt. 109, at 2. As such, the defendant's motion on this point – which asks the Court to preclude the government from eliciting testimony from

---

[2] The parties have provided courtesy copies of this exhibit to the Court, but this portion of the exhibit is not legible.

Ms. Powell on "any other matters . . . relating to communications with Trent Powell from May 23, 2020, through the present" – will be granted. *See Motion,* Dkt. 97, at 7.

**E.     Other Crimes, Wrongs, or Bad Acts Not Previously Noticed**

The Defendant asks the Court to preclude evidence of any crimes, wrongs, or other bad acts not set forth in the government's Rule 404(b) notice. *See id.* at 7. The government did not specifically respond to this portion of the motion. Accordingly, the Court will grant this aspect of the defendant's motion.

**F.     Use of the Terms "Victim" and "Child"**

The defendant asks the Court to prohibit the government from using the terms "child" or "victim" at trial. He argues that both terms are "inflammatory and unnecessarily argumentative when the prosecutor can easily refer to the accusers by their names." *Id.* at 4.

Beginning with the term "child," the government has correctly pointed out that the relevant statutes use the terms "child" and "children." *See* 18 U.S.C. §§ 2251(a), 2252A. Moreover, the alleged victim will testify that that the abuse began when she was 11 years old. Under these circumstances, the Court will deny the motion as it relates to the term "child." The government is free to use this term during the trial.

As for referring to Jane Doe 1 as a "victim" in the presence of the jury,

the Court believes the best practice would be for the government and its witnesses to refer to Jane Doe 1, or any other alleged victim, by name or by some other descriptive term (*e.g.,* the defendant's former stepdaughter). Several courts have addressed whether the government should be allowed to use the term "victim" in front of the jury, with mixed results. Many have permitted the use of the term "victim" without limitation, while others have suggested that the term "alleged victim" is preferable. *See, e.g., United States v. Tawfik*, No. 18-17-20193, 2022 WL 866395, at *6-7 (E.D. Mich. Mar. 23, 2022) (citing cases). On the other hand, at least one court has concluded that the government should not use the term "victim" in the presence of the jury. *See United States v. Sena*, No. 19-CR-01432, 2021 WL 4129247, at *1 (D.N.M. Sept. 9, 2021). This Court finds that the middle ground is appropriate. It is entirely accurate to say that there is an *alleged* victim in this case, or that there is a victim of an alleged crime. Thus, the Court will not categorically prohibit the government or its witnesses from referring to Jane Doe 1 (or Minor Victim 1, if she testifies) as "victims." The Court would encourage the government to refer to the alleged victim by name to avoid the issue. But if the government chooses to use the term "victim" in some situations, it should use the more accurate phrase "*alleged* victim." Further, if defendant wishes for a clarifying instruction to be given, he may make such a request during trial.

## G.     The Love Letters – Government Exhibits 1045, 1055, and 1056

The defendant argues that three letters, or notes, found on his phone should be excluded. The government intends to introduce these items at trial. They are marked as Government Exhibits 1054, 1055, and 1056, and the government describes them as love letters defendant sent to Jane Doe 1.

Defendant says the letters should not be admitted because they cannot be authenticated. The government, however, has said its forensic expert will testify that the letters were found on the defendant's phone and Jane Doe 1 will testify that she received these letters from defendant. Jane Doe 1 will also testify as to the dates she received the letters. This anticipated testimony will satisfy authentication concerns under Federal Rule of Evidence 901. *See generally* Fed. R. Evid. 901(a) & (b)(1) (testimony of a witness with knowledge sufficient). The concerns that the defendant has outlined go to weight of the evidence, not admissibility. The Court will therefore deny the motion to the extent it rests upon the government's anticipated inability to authenticate the letters.

In similar circumstances where authenticity is disputed, the Court has given a limiting instruction to the jury that in admitting the exhibit I am not finding that the exhibit is what the Government argues that it is – a letter written by the Defendant to the alleged victim. Rather, the Court's ruling reflects only a decision that there is sufficient evidence from which the jury, as the finder of fact, could

MEMORANDUM DECISION AND ORDER - 8

conclude that the letter was written by the Defendant to the alleged victim. However, whether the letter was written by the Defendant is for the jury to determine. If the jury is convinced that the Defendant authored the letter, then they can consider the evidence in their deliberations. If they find that it is not so convinced, they should completely disregard the letter and not consider it in their deliberations. The Court will offer that limiting instruction, but only at the request of counsel.

Defendant next argues that the letters should be excluded because they do not "refer in any way to the photos or charges at issue in this case." *Motion,* Dkt. 97, at 5. He also says that if the letters are admitted, he will be unfairly prejudiced because the letters "will inflame the jury's passions and may result in a conviction simply based on the juror's anger or outrage over the emotions declared in the notes." *Id.* at 5-6.

The Court is not persuaded. The letters are relevant because they provide context relevant to the alleged crimes. Further, in some respects, the letters help prove the elements of the crime. The government has indicated that Jane Doe 1 will testify that these letters were sent during the same time frame of the alleged crimes, and one of the letters alludes to the fact that Jane Doe 1 was not yet 18. As such, the letters will help establish that Defendant persuaded Jane Doe 1 – a minor – to engage in sexually explicit conduct for the purpose of creating a visual

depiction of that conduct.

Finally, the Court is not persuaded that the probative value of these letters would be substantially outweighed by any of the dangers listed in Rule 403. The defendant has not pointed to any particular part of any letter that will inflame the jury's passions. Nor has he persuasively argued that anything contained in the letters would be *unfairly* prejudicial. Given the nature of the charges, the jury will be exposed to sexualized images of Jane Doe 1 as part of the case. Given that context, the probative value of the emotional love letters will not be unfairly prejudicial. More precisely, the probative value of those letters is not significantly outweighed by any of the dangers listed in Rule 403. The motion to exclude Government Exhibits 1054, 1055, and 1056 will therefore be denied.

### H. The Contextual Facts Related to Recorded Calls Placed from the County Jail

The next disputed category of evidence relates to the contextual facts surrounding telephone calls Mr. Powell made from the county jail in December 2020. Mr. Powell was arrested at that time on state charges – five counts of statutory rape and one count of lewd conduct with a minor. Shortly after his arrest, he made recorded calls from the jail. During the calls, he asked his wife and son to wipe his cell phone. The government wishes to introduce evidence of these calls, but defendant argues that the government should first redact portions of them, such that the jury would not learn that he was in jail, having been arrested on state

charges, and that he was attempting to make bail.

The Court is not persuaded that this information should be kept from the jury. The point the government will be attempting to make is that Mr. Powell was conscious of his guilt – that he was aware that his phone contained incriminating information, and that is why he was seeking to wipe his phone. The Court addressed the admissibility of this evidence at length in an earlier order – explaining that these phone calls were relevant evidence and would be admissible. *See Jan. 13, 2023 Order,* Dkt. 76, at 23-26. Nothing in the current briefing changes the Court's mind. If the context is removed – that is, if the jury only learns that Mr. Powell attempted to wipe his phone at some point – then the evidentiary value of the evidence is lost. The Court will therefore deny the motion on this point. The jury may be permitted to learn the factual context of the recorded phone calls. The Court will, however, be willing to give a limiting instruction when this testimony is elicited, explaining that the defendant is on trial only for the charges alleged in the indictment.

### I. The "Kissing" Photograph

The final piece of evidence discussed in the motion is what the parties describe as a photograph that shows defendant engaging in "an intimate kiss" with Jane Doe 1. The defendant argues that this particular photograph does not meet the statutory definition of "child pornography" as defined by 18 U.S.C. § 2256(8).

The Court is not persuaded to exclude this evidence. As described, this picture would tend to prove that Mr. Powell was engaged in an intimate relationship with Jane Doe 1. That fact, in turn, makes it more likely that Mr. Powell would have persuaded Jane Doe 1 to engage in sexually explicit conduct for the purpose of creating a visual depiction of that conduct. Thus, the photograph is relevant to the charged crimes. The photograph is also relevant because it provides context for the charged crimes. This general issue was discussed at length in the Court's earlier decision related to whether the government would be allowed to introduce other-act evidence. *See Jan. 13, 2023 Order,* Dkt. 76, at 13. As the Court explained there, the government will be allowed to produce evidence to contextualize the charged crimes:

> Although the alleged crimes here occurred between October 2010 and June 2012, it doesn't make sense to expect the government to present its case-in-chief by showing only that on certain specific dates within that timeframe, Powell persuaded (or attempted to persuade) Jane Doe 1 to engage in sexually explicit conduct for the for the purpose of producing a visual depiction of that conduct, and that on certain other dates, he knowingly received child pornography. Nor does it make sense to expect the jury to properly evaluate the evidence before it without relevant contextual evidence, which will logically include grooming and other acts of hands-on abuse.

*Id.* The "kissing photograph" falls into this category – it provides necessary context. Again, the Court's earlier order touched upon the need for context in these sorts of cases:

MEMORANDUM DECISION AND ORDER - 12

> "Common sense tells us that the alleged conduct—a father's video recording of sexual contact with his daughter—does not usually occur out of the blue. But absent that context—at least generally—it may be hard for a jury to fathom the conduct alleged, much less evaluate the evidence before it." *United States v. Bauldwin*, --- F. Supp. 3d ---, Case No. 19-CR-3579MV, 2022 WL 4129209, at *4 (D.N.M. Sept. 9, 2022); *see United States v. Steinmetz*, 900 F.3d 595 (8th Cir. 2018) (evidence of prior, hands-on molestation admissible to show the grooming process that enabled [defendant] to photograph the victim").

*Id.* at 14. For these reasons, the Court finds that the "kissing photograph," as described by the parties, is relevant evidence. Further, the Court finds that the probative value of this photograph is not substantially outweighed by any of the dangers listed in Rule 403. To the contrary, the jury cannot be expected to evaluate evidence of the charged crime without contextual evidence, which would include the "kissing photograph." The Court will therefore deny the motion to exclude this piece evidence.

## ORDER

**IT IS ORDERED that:**

**(1)** Defendant's Motion in Limine (Dkt. 97) granted in part and denied in part as explained above.

**(2)** Despite the rulings outlined in this Order, in limine rulings are always subject to change depending on how the evidence unfolds at trial. Accordingly, during trial, the government may renew its efforts to introduce evidence the Court has said it will exclude, and the defense may renew its

objections to evidence the Court has said it will allow.

DATED: April 24, 2023

B. Lynn Winmill
U.S. District Court Judge