UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRENTON JARED POWELL,<br><br>Defendant. | Case No. 4:21-cr-00290-BLW<br><br>**PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT**[1] |

This matter comes before the Court on the United States' Motion for Preliminary Order of Forfeiture, Final as to Defendant. (Dkt. 133.)

The Court finds that the Motion and the record establish: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) a sufficient factual and legal basis for forfeiture to include, but not be limited to, the following Subject Property and any Substitute Assets.

**Subject Property:**

    a) Apple iPhone 12, Model Number D53PAP, IMEI 353073110841699;

    b) Real property located at 1003 City Creek Road, Pocatello, Bannock County, ID 83204, being parcel number RPRCI1000100, and more

---

[1] A Preliminary Order of Forfeiture is final as to the Defendant. Fed. R. Crim. P. 32.2(b)(4). Thus, in some cases, a Final Order of Forfeiture is unnecessary. In other cases, the United States will seek a Final Order of Forfeiture to resolve third party interests or other issues.

**PRELIMINARY ORDER OF FORFEITURE - FINAL TO DEFENDANT - 1**

particularly described as follows: LOT 1, BLOCK 1, CITY CREEK ESTATES, DIVISION 1, BANNOCK COUNTY, IDAHO, AS THE SAME APPEARS ON THE OFFICIAL PLAT THEREOF.

Or

Lot 1, Block 1, City Creek Estates – Division No. 1, according to the plat thereof, filed as Instrument No. 20700649, records of Bannock County, Idaho.

### Nexus and Factual Basis for Forfeiture

The Defendant was found guilty of all eleven counts of the Indictment, in violation of 18 U.S.C. § 2251(a) and (e), 18 U.S.C. § 2252A(a)(2), (b)(1), and 18 U.S.C. § 2256(8)(A).  (Jury Verdict ECF No. 127 and Indictment ECF No. 1.)  As was proven and presented at trial, Defendant used the Subject Property to commit or to promote the commission of the offenses in this case.  Specifically, the Apple iPhone listed in the Subject Property stored many of the images and visual depictions (i.e., the child pornography images) of the offense conduct in this case.  In addition, the real property listed in the Subject Property was Defendant's residence in which he created numerous images and depictions of child pornography over an extended period of time (years) in this case.  He used the residence as the physical location and residential house where the victim had to visit him on a weekly basis under the guise of wanting to maintain an appropriate father-type relationship, and he also used it to hide his criminal conduct from detection and from plain view.

**PRELIMINARY ORDER OF FORFEITURE - FINAL TO DEFENDANT - 2**

**Statutory Authority**

The Court's forfeiture authority originates from 18 U.S.C. § 2253, which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 2251, 2252, and 2256, the Court shall order that such person shall forfeit to the United States:

> (1) any visual depiction…or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; (2) any property …constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property...used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

**Defendant's Objections to Forfeiture of the Real Property**

Defendant objects to the motion to the extent the government seeks forfeiture of the real property described above (the home located on City Creek Road in Pocatello, Idaho). Defendant says that because he extensively remodeled the home after the crimes occurred, he "fundamentally alter[ed] the nature and purpose of the property itself," and, therefore, he should not be ordered to forfeit the property. *See Response,* Dkt. 137, at 4. For the reasons further explained in a supplemental memorandum, filed concurrently with this Order, the Court will overrule this objection.

**Substitute Assets**

Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government may seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the property subject to forfeiture.  The government may do so when the property subject to forfeiture:

      a.   Cannot be located upon the exercise of due diligence;

      b.   Has been transferred or sold to, or deposited with, a third party;

      c.   Has been placed beyond the jurisdiction of the court;

      d.   Has been substantially diminished in value; or

      e.   Has been commingled with other property which cannot be divided without difficulty.

The United States Attorney General (or a designee) is authorized to seize the Subject Property in accordance with Criminal Rule 32.2(b)(3).

The United States is further authorized, pursuant to Criminal Rule 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including depositions and interrogatories intended to:  (a) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; or (b) expedite ancillary proceedings related to any third-party interests claimed pursuant to 21 U.S.C. § 853(n).

**PRELIMINARY ORDER OF FORFEITURE - FINAL TO DEFENDANT - 4**

The United States Attorney General (or a designee) is hereby authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

If the United States seeks a Final Order of Forfeiture, it shall provide the required notice, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 21 U.S.C. § 853(n).

The United States may publish on an official government internet site ([www.forfeiture.gov](www.forfeiture.gov)) for at least thirty (30) consecutive days, pursuant to Supplemental Rule G(4)(a)(iv)(C).  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property, other than the above-named defendant(s), pursuant to Supplemental Rule G(4)(b) and 21 U.S.C. § 853(n)(1).

Any person asserting a legal interest in the Subject Property, or other forfeited property, must file a claim with the Court within the applicable deadlines.  Otherwise, the claim will be waived and lost.  Supplemental Rule G contains specific deadlines, but typically the deadline to file a claim is no later than sixty days after first publication or thirty days after receipt of notice, whichever is earlier.  Any claim must be signed under the penalty of perjury and must meet the

**PRELIMINARY ORDER OF FORFEITURE - FINAL TO DEFENDANT - 5**

statutory and Rule requirements, including those in § 853(n) and Supplemental Rule G(5).

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests. If no third party files a timely claim, this Preliminary Order of Forfeiture becomes final as to third parties, pursuant to Criminal Rule 32.2(c)(2).

The Preliminary Order of Forfeiture terminates a defendant's rights. Thus, a defendant may not participate in the ancillary proceeding. This Preliminary Order of Forfeiture is part of the sentence and shall be included in the judgment. *See* Criminal Rule 32.2(b)(4).

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Criminal Rule 32.2(e).

DATED: October 9, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

**PRELIMINARY ORDER OF FORFEITURE - FINAL TO DEFENDANT - 6**