UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRENTON JARED POWELL,<br><br>Defendant. | Case No. 4:21-cr-00290-BLW<br><br>**SUPPLEMENTAL MEMORANDUM RE PRELIMINARY ORDER OF FORFEITURE** |

## INTRODUCTION

In a separate order, issued concurrently with this Memorandum, the Court granted the Government's Motion for a Preliminary Order of Forfeiture. This Memorandum further explains the Court's reasons for overruling Defendant Trenton Powell's objections to the forfeiture of his home, located on City Creek Road in Pocatello, Idaho (the "City Creek Property" or "the home"). Neither party has requested a hearing on forfeiture, so the Court will base its forfeiture determination on evidence already in the record. This Memorandum will serve as the Court's supplemental findings of facts and conclusions of law regarding forfeiture of the home.

## BACKGROUND

A jury convicted Defendant Trenton Powell of all eleven counts in the

indictment, which charged him with producing, attempting to produce, and receiving child pornography, in violation of 18 U.S.C. §§ 2251(a) and § 2252A. All counts involved a single minor victim, Jane Doe 1, and the photographs forming the basis of the charges were taken between October 9, 2010 and June 20, 2012. At trial, the government proved that defendant created numerous images and depictions of child pornography in the City Creek Property. Defendant objects to the forfeiture of his home. Among other things, he argues that the government failed to prove that the entire home was used to commit, or promote the commission of, the underlying offenses. Defendant also argues that forfeiting the home would result in an Eighth Amendment violation.

## GOVERNING LEGAL STANDARDS

Federal Rule of Criminal Procedure 32.2 outlines the procedures governing criminal forfeiture. "As soon as practical after a verdict or finding of guilty . . . on any count in an indictment … regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). "If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." *Id.* "If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific

property . . . ." Fed. R. Crim. P. 32.2(b)(2)(A).

The Court's "determination may be based on evidence already in the record ... and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). If forfeiture is contested, the court must conduct a hearing after a guilty verdict if either party requests it. *Id.* As noted above, neither party requested a hearing, so the Court will base its determination on evidence already in the record. Since forfeiture is part of sentencing, relevant and reliable hearsay can be considered. *See* Fed. R. Crim. P. 32.2(b)(1)(B); U.S.S.G. 6A1.3(a); *United States v. Petty,* 982 F.2d 1365, 1369 (9th Cir. 1993). Still, though, the government is required to prove all necessary elements of the forfeiture by a preponderance of the evidence. *See, e.g., United States v. Mancuso*, 718 F.3d 780, 799 (9th Cir. 2013).

## DISCUSSION

A.  **The Renovation**

Based on the evidence in the record, the Court finds that the government established the requisite nexus between the City Creek Property and the offenses of conviction. Defendant says that because he extensively renovated his home after the crimes were committed, his home has been transformed such that it is no longer intertwined with criminal conduct and, therefore, is not forfeitable. He also argues that, because of the renovation, the government has not established that he used the

entire property to commit, or promote the commission of, the underlying offenses. Thus, he contends that the home should not be forfeited at all. *See Response,* Dkt. 137, at 2 (arguing that defendant did not use the remodeled addition to the home in the commission of the offense).

The forfeiture statute applicable to this particular offense, 18 U.S.C. § 2253(a)(3), states that if a person is convicted of various different offenses, including the offenses of conviction here, that person shall "shall forfeit to the United States … [their] interest in . . . any property, real or personal, used . . . to commit or to promote the commission of such offense . . . ." 18 U.S.C. § 2253(a)(3). The Ninth Circuit has not directly held that a home where child pornography offenses are committed qualifies as a property used to commit, or promote the commission of, the offense with the meaning of 18 U.S.C. § 2253(a)(3). But other courts have. In *United States v. Hull*, 606 F.2d 524, 527-28 (8th Cir. 2010), for example, the Eighth Circuit upheld the forfeiture of a defendant's home because he used a computer located in the home to solicit sex from children and distribute child pornography. The court reasoned that the "[u]se of a computer in the privacy of a residence, rather than in library, coffee shop, or senior center, made it easier for Hull to conceal his crimes from public scrutiny." *Id.* at 528. Other courts have issued similar rulings. *See generally*, Stefan D. Cassella, *Asset Forfeiture Law in the United States* § 26-3, at 1144 n.28 (3d ed.

SUPPLEMENTAL MEMORANDUM RE FORFEITURE - 4

2022) (citing numerous cases).

The Court finds these decisions persuasive. Powell took advantage of the privacy of his home to commit the child sex offenses at issue. In that sense, he "used" the City Creek Property "to commit" or "to promote the commission of" the offenses within the meaning of 18 U.S.C. § 2253(a)(3).

As noted above, Powell argues that events occurring after the crimes, namely, the renovation of the home, transformed all or part of the home into a non-forfeitable asset. Relatedly, he argues that a single family home is not forfeitable unless the *entire* home is used to commit or promote the commission of the offense. The Court is not persuaded by these arguments for several reasons.

First, the "relation back" doctrine codified at 21 U.S.C. § 853(c) and (n)(6) applies. Simply put, this means that the forfeiture took effect immediately upon the commission of the underlying crime. *See generally* 18 U.S.C. § 2253(b); *United States v. Lazarenko*, 476 F.3d 642, 647 (9th Cir. 2007) (citing 21 U.S.C. § 853(c)). There are good reasons for this doctrine. "Otherwise, a defendant could attempt to avoid criminal forfeiture by transferring his property to another party before conviction." *Id.* Or, as applied here, a defendant could avoid forfeiture by remodeling an otherwise-forfeitable home after the offenses were committed.

Second, if defendant's argument is carried to its logical conclusion, courts would be called upon to divvy up single family homes into different areas—some

where the crime occurred and some where it didn't. Then, if 100% of the home wasn't the scene of a criminal act, defendants would presumably argue that courts should either order a partial forfeiture,[1] or decline to enter any forfeiture at all. Defendant does not cite any binding decisions that would support such an approach. And courts that have addressed the issue in the context of 18 U.S.C. § 2253(a)(3) have treated forfeitable residences as single, indivisible units. *See, Hull*, 606 F.2d at 527-28; *United States v. Davila*, No. 2-18-CR-062-JCM-NJK, 2019 WL 1571282, at *4 (D. Nev. Apr. 11, 2019), *aff'd*, 814 F. App'x 300 (9th Cir. 2020). Indeed, in *Hull,* the court ordered the defendant's entire 19-acre farm forfeited—including the barn and pastureland—because the home was located on the 19 acres. The court rejected Hull's contention that only the home be forfeited. 606 F.3d at 527-28.

Third, in somewhat analogous situations, courts have held that if an asset appreciates – even if through defendant's own skill and effort – the underlying asset remains forfeitable. *See United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998) (if property is subject to forfeiture as property traceable to the offense, it is forfeitable in full, including any appreciation in value since the time the property

---

[1] Of course, a "partial-forfeiture" argument would fail in circuits that have already rejected such arguments. *See, e.g., Hull,* 606 F.3d at 527-28 (rejecting Hull's contention that the court should consider his residence separately from outbuildings or pastureland, instead treating the entire farm as a single unit for forfeiture purposes).

became subject to forfeiture; the reason for the appreciation does not matter); *United States v. Yeh*, 199 F. Supp. 3d 998 (E.D. Va. 2016) (appreciation in defendant's stock portfolio forfeitable in its entirety).

For all these reasons, the Court is not persuaded by Powell's argument that his otherwise forfeitable home has been transformed into a non-forfeitable asset because of the post-offense renovations to the home and because other, innocent family members reside in the home.

Similarly, the Court is not persuaded by Powell's more general argument that forfeiture of the City Creek Property fails to further the objectives of 18 U.S.C. § 2253(a)(3). Nor is the Court persuaded by Powell's comparison of this statute to forfeiture statutes applicable to RICO and terrorism offenses. The gist of that latter argument is that the City Creek Property was not "used" to commit the offense (or promote the commission of the offense) within the "more targeted" reach of 18 U.S.C. § 2253. *See Response,* Dkt. 137, at 5. The Court disagrees with that argument for the reasons explained earlier. Based on a straightforward application of the statutory language, Powell "used" his home "to commit" or "promote the commission of" the offenses. Forfeiture is thus called for under 18 U.S.C. § 2253(a)(3).

**B.     Eighth Amendment**

Powell also contends that forfeiting the City Creek Property would violate

his Eighth Amendment rights. A criminal forfeiture that is "grossly disproportional to the gravity of the defendant's offense" will violate the Excessive Fines Clause. *United States v. Bajakajian,* 524 U.S. 321, 334 (1998). As one court aptly explained, the punishment cannot be "more criminal than the crime." *See United States v. Sarbello,* 985 F.2d 716, 724 (3d Cir. 1993).

Beginning with the amount of the forfeiture, Powell didn't come forward with any evidence regarding the value of the City Creek Property. Nevertheless, the government estimates that his equity interest in the home is somewhere between $386,000 and $736,800. The government bases this estimate on a Zillow report, which values the property at $736,800, and the fact that a recorded deed of trust on the property secures a $350,000 loan. The deed of trust was recorded on August 24, 2020. *See Reply,* Dkt. 143, at 11. The Presentence Investigation Report estimates the value of the City Creek Property at $733,600 and indicates that the mortgage balance is unknown. Defendant did not object to that valuation, and declined to participate in a financial investigation or sign any forms that would have facilitated the Probation Office's investigation of his assets and liabilities. *See* PSR, Dkt. 145, ¶ 293. But based on the information provided by the government, the Court finds that the value of the home is around $735,000, and that defendant has around $385,000 worth of equity in the home, and possibly up to $735,000.

With those numbers in mind, which speak to the harshness of the

punishment, the Court will turn to the gravity of the offense. Courts generally consider "four factors when weighing the gravity of an offense: (1) the nature and extent of the crime, (2) whether the violation was related to other illegal activities, (3) the other penalties that may be imposed for the violation, and (4) the extent of the harm caused. " *United States v. Beecroft*, 825 F.3d 991, 1000 (9th Cir. 2016) (citation and quotation omitted), *abrogated on other grounds by Honeycutt v. United States*, 581 U.S. 443 (2017).

Beginning with the first and fourth factors, Powell's crimes were extensive and grave. He sexually exploited and abused Jane Doe 1 over many years, beginning when she was around 11 years old. The damage he inflicted likely will last a lifetime.

As for the second factor, at trial the government presented evidence that Powell abused another minor in addition to Jane Doe 1. And the PSR refers to the fact that Powell abused many other victims.

Turning to the third factor—the "other penalties that may be imposed"—the Court may consider the other penalties Congress has authorized, as well as the maximum penalties that could be imposed under the Sentencing Guidelines. *United States v. 132,245.00 in United States Currency*, 764 F.3d 1055, 1059-60 (9th Cir. 2014) (quotations and citations omitted). "[T]he maximum penalties under the Sentencing Guidelines should be given greater weight than the statutory maximum

because the Guidelines take into account the specific culpability of the offender." *Id*.

Here, Powell will face a lengthy prison sentence, as the statutory minimum term of imprisonment is 15 years and the maximum is 30 years for counts one through eight, while the minimum is 5 years and the maximum is 20 years for counts nine through eleven. *See* 18 U.S.C. § 2251. Each count has a maximum fine of $250,000, or two times the pecuniary loss caused to a victim, whichever is greater. *See* 18 U.S.C. § 3571(a)(3) and (d). With each count of conviction having a maximum fine associated with it of $250,000, that equals $2,750,000.[2]

The U.S. Probation Office calculated the guideline range for defendant as effectively a life sentence (300 years) and the fine range as between $50,000 to $250,000. The defendant has pending objections to the guidelines range. But even assuming some of those objections are sustained, the statutory penalties, the anticipated guidelines range for imprisonment, and the guidelines fine range

---

[2] There will also be a mandatory $1,100 special assessment under 18 U.S.C. § 3013 ($100 for each count). Plus, the U.S. Probation Office is recommending imposition of an additional mandatory, $5,000 special assessment for each count (for a total of $55,000) under the Justice for Victims of Trafficking Act of 2015 (JVTA). 18 U.S.C. § 3014(a)(3). Defendant has a pending objection to this recommendation, however, on the grounds that the crimes at issue were committed before the May 2015 enactment of the JVTA. The Court will resolve this issue at the sentencing hearing, after considering the parties' additional arguments. At this point, however, the Court is inclined to agree with the defendant. *See United States v. Senke*, 986 F.3d 300, 320 (3d Cir. 2021) (vacating a JVTA special assessment because the offenses were committed before the enactment of the JVTA and the government agreed that the district court's imposition of the assessment violated the Ex Post Facto Clause).

underscore the severity and gravity of the defendant's crimes.

Comparing the gravity of defendant's offenses to the forfeiture of a home valued at $735,000 (and even assuming Powell has 100% equity), the Court finds that such a forfeiture passes constitutional muster. The amount of Powell's interest in the home is substantially less than the total statutory fines that could be ordered, and a little under three times the amount of the maximum guidelines fine. Granted, this is a substantial forfeiture order, and the Court does not make it lightly. But it is not grossly disproportional to the gravity of the offense. *See, e.g., United States v. $132,245.00 in U.S. Currency*, 764 F.3d 1055, 1060 (9th Cir. 2014) (upholding forfeiture order that fell "far below the maximum statutory fine" and was "only 2.6 times the maximum" Guidelines fine); *United States v. Mackby*, 339 F.3d 1013, 1018 (9th Cir. 2003) (upholding judgment around ten times the maximum Guidelines fine).

Finally, the Court is not persuaded by defendant's argument that the home should not be forfeited because of the adverse effects it will have on his innocent, elderly parents and adult son, who currently reside in the home. The cases cited and relied upon by the defendant are distinguishable because the third parties in those cases typically had ownership interests in the properties. *See, e.g., von Hofe v. United States*, 492 F.3d 175 (2d Cir. 2007). And, more generally, while this Court is sympathetic to the effect Mr. Powell's crimes will have upon his family,

that is a sad truth in almost every criminal case – the fallout from the crime often visits significant harms upon the offender's family. But, more to the point here, the Court finds that the adverse effect the forfeiture will have on defendant's parents and adult son does not render the forfeiture unconstitutionally excessive. It bears repeating that defendant's crimes were extraordinarily grave and the harm inflicted profound.

DATED: October 9, 2023

B. Lynn Winmill
U.S. District Court Judge